UNITED STATES EASTERN DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA
Plaintiff

v. No. 24-CR-146(KAM)

Joel David Forney,
Defendant

DEFENDANTS MOTION TO OBTAIN FULL WARRANTS AND TO REMOVE HIGHLY SENSITIVE DESGINATION

Defendant Joel David Forney, proceeding pro se with advisory counsel, respectfully moves this Court for the following relief:

1. An order directing the Government to produce the full, unredacted search warrant(s) and supporting affidavits related to this case, including but not limited to Warrant 21MAG6662;
2. An order directing the Government to remove the "Highly Sensitive Documents" (HSD) designation from these warrants; and;
3. In the alternative, an order permitting the Defendant to inspect these documents in camera (privately) for the purpose of evaluating their validity and comparing them against the standard legal requirements.

I. INTRODUCTION

The Defendant has reason to believe that the search warrant(s) executed in this case specifically Warrant 21MAG6662 may contain material misstatements, omission, or procedural defects that would render the resulting evidence inadmissible. The Government has designated these warrants as "Highly Sensitive" or "sensitive". effectively shielding them from review.

The Defendant is entitle to review the warrants and supporting affidavits to:

* Verify that probable cause existed at the time the warrant was issued;
* Challenge any false statements made in the warrant application;
* Ensure the warrants scope was not exceeded during execution; and
* Compare the actual warrant language against the standard legal requirements.

II. LEGAL STANDARD

A. Right to Challenge a Search Warrant

A defendant has a constitutional right to challenge the validity of a search warrant. Under franks v. Delaware, 488 U.S. 154 (1978), a defendant is entitled to an evidentiary hearing if he makes a

substantial preliminary showing that the warrant affidavit contains false statements or material omissions.

B. Access to Warrant Materials

The Government has a duty to disclose warrant materials when they are necessary for the defense to prepare its case. under Federal Rule of Criminal Procedure 16, the Defendant is entitled to inspect documents that are material to preparing a defense.

C. Highly Sensitive Documents

This Court's local rules permit documents to be designated as "Highly Sensitive Documents" (HSDs) only when"any disclosure would cause a high risk of extreme harm to a person or entity or would constitute a breach of national security. "A mere desire to shield evidence from scrutiny does not justify a HSD designation.

D. Unsealing Warrants

The second circuit recognizes a qualified right of access to search warrant materials. A defendant may move to unseal or obtain warrant documents by showing a particularized need for the materials. See United States v. Bermudez, 1:15-cr-00361(E.D.N.Y. 2026).

III. ARGUMENT
A. The Defendant has a particularized need for the warrants

The defendant cannot meaningfully challenge the legality of the search that produced evidence against him without reviewing the warrants and supporting affidavits. The warrants are central to this case they authorized the seizure of evidence that forms the basis of the charges against the Defendant.

B. The HSD Designation is Unjustified

The Government has not demonstrated that disclosure of Warrant 21MAG6662 would  cause "extreme harm" or constitute a "breach of national security". The mere fact that a warrant relates to a criminal investigation does not justify withholding it from the Defendant, especially when the Defendant is entitled to challenge its validity.

C. The Defendant is Entitled to Compare the Warrant Against Legal Standards

The Defendant has reason to believe that Warrant 21MAG6662 may contain defects. For example, search warrants for cell phones must:

* Be based on probably cause that the phone contains evidence of a crime;
* Particularly describe the items to be seized and the location to be searched;
* Be supported by an affidavit that establishes a nexus between the device and the offense; and
* Be executed within the statutory timeframe.

2

without reviewing the actual warrant, the Defendant cannot determine whether these requirements were met.

IV. REQUEST FOR RELIEF

For the foregoing reasons, Defendant Joel David Forney respectfully requests that this Court:

1. Order the Government to produce the full, unredacted search warrant(s) and supporting affidavits, including Warrant 21MAG6662;
2. Order the Government to remove the Highly Sensitive Document designation from these warrants;
3. In the alternative, order that the Defendant be permitted to inspect these documents in camera (privately) with his advisory counsel; and
4. Grant such other and further relief as the Court deems just and proper.

Respectfully Submitted,

Joel David Forney
Defendant, Pro Se
MDC Brooklyn
Brooklyn, NY 11232